# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL HINES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 6:15-CV-00836-MHS-JDL |
| | § | |
| CAROLYN W. COLVIN, | § | |
| ACTING COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Magistrate Judge has recommended that the decision of the Commissioner be affirmed and the complaint be dismissed. Hines has filed written objections. Having made a *de novo* review of the objections filed by Hines, the court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct.

In his Objections to the Report and Recommendation, Hines challenges the Magistrate Judge's review of the ALJ's credibility determination. In particular, he challenges the Magistrate Judge's conclusion that:

> the only objective evidence that in any way corroborates Hines' claims of disabling symptoms is the opinion of Robert Newberry, M.D., who conducted a spinal X-ray of Hines and opined that he can only occasionally bend, stoop, crouch, and so on, due to chronic arthritis of the lumbosacral spine. [citation.] However, Dr. Newberry's opinion in no way suggests a functional limitation that would preclude Hines from working outright. And it is contradicted by other medical evidence in the case.

Report and Recommendation at 6-7. However, this conclusion is amply supported by the evidence of record. Notwithstanding any impairments or degenerative changes diagnosed by Dr. Newberry, there is simply no record evidence, or reasonable inference therefrom, that such changes were debilitating.

And, as noted in the Magistrate Judge's Report and Recommendation, consultative examination by another physician, Anand Srivastava, M.D., revealed that Hines had no major functional limitations despite having medically determinable impairments. Dr. Srivastava noted: Hines he had normal muscle strength; negative straight leg raise testing; 2+ (normal) and symmetric reflexes; normal sensory examination to light touch; and normal range of motion in all areas. Tr. at 15, 372-73. He could lift, carry, and handle light objects; squat and rise from that position with ease; rise from a sitting position without assistance; and dress and undress adequately. Tr. at 15, 372-73. Dr. Srivastava observed that, despite presenting with a slow, steady, limping gait, when redirected, Hines walked normally and could heel and toe walk. Tr. at 373. Dr. Srivastava also opined that Hines could sit, stand, and walk normally in an eight hour workday with normal breaks; had no limitations with lifting and could "lift and carry age and gender appropriate weight;" and had no limitations bending, stooping, crouching, squatting, reaching, handling, feeling, grasping, and fingering and could perform these activities frequently. Tr. at 15, 373-74.

Taken together, Dr. Newberry's observation that Hines suffered only minor functional limitations and Dr. Srivastava's essentially normal examination findings undermine Hines' allegations of disability and support the ALJ's credibility finding.

Hines also appears to take issue with the fact that the ALJ "incorrectly summarized the lumbar spine x-rays: 'X-rays of the lumbar spine showed no arthritic or degenerative changes.'"

Objections at 2 (citing Tr. at 16). He notes that, Dr. Newberry's X-rays did in fact document prominent lordosis of the lumbosacral spine and early arthritic change of the upper lumbar and lower thoracic vertebra. Objections at 2 (citing Tr. at 325.) However, any error by the ALJ in interpreting the X-rays in this regard was ultimately harmless because, as discussed above, the medical evidence in this case clearly indicated that Hines suffered little to no functional limitations, notwithstanding any medically determinable impairment. The ALJ's finding that Hines' "contentions of symptomatology must be found to be greatly exaggerated" flows logically from this evidence. Tr. at 17.

The court finds that Hines' objections are without merit and will be overruled. There is substantial evidence in the record supporting the Commissioner's decision. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that Plaintiff's objections are hereby **OVERRULED**. It is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**

**SIGNED this 8th day of July, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE